# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RAUL BATISTA,**

      **Plaintiff,**

      **v.**                                                   **CASE NO. 24-3124-JWL**

**LANSING CORRECTIONAL**
**FACILITY, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff, a prisoner in state custody, proceeds pro se.  Plaintiff alleges that that the defendants did not take appropriate measures to protect him from an attack by another inmate in March of 2021.  (Doc. 1, at 13.)  Plaintiff states that he suffered an injury causing his nose to bleed for 10 days.  *Id.*

The Court entered an order (Doc. 3) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and found no showing of imminent danger of serious physical injury.

The Court granted Plaintiff until August 26, 2024, to submit the $405.00 filing fee.  The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 3, at 3.)

Plaintiff has failed to pay the filing fee or respond to the three-strikes order.  Instead, Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. 4) and a motion for appointment of counsel (Doc. 5).  Plaintiff attached to the motion to appoint counsel a description

of the incident forming the basis of his lawsuit.  The description affirms that the incident occurred in March of 2021.  (Doc. 5, at 3.)

As explained in the three-strikes order, "[t]o meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  Allegations of past injury or harm are not sufficient to satisfy the imminent danger requirement.  *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012); *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order and has failed to make a showing of imminent danger of serious physical injury.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) and motion to appoint counsel (Doc. 5) are **denied** as moot.

**IT IS SO ORDERED**.

**Dated August 29, 2024, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**